IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA SETTLEMYER, )
)
        Plaintiff, )
)
v. ) Civil Action No. 11-150J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 28th day of June, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, denied. The case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind

might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Plaintiff filed her application for SSI on April 24, 2008, alleging disability beginning on October 1, 2005, due to bipolar disorder, schizophrenia and stomach problems. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on May 17, 2010. On June 23, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 16, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an eleventh grade education, was 36 years old when the ALJ issued his decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity at any time since filing her application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff at the hearing, the ALJ found that she suffers from the severe impairments of a hiatal hernia, esophageal ulcer erosive esophagitis, obesity, major depression, generalized anxiety disorder and a partner relational problem. However, the ALJ determined that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform medium work, but she is limited by certain non-exertional limitations. Plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment. In addition, she requires work that involves only simple work-related decisions, relatively few work place changes, and work that involves primarily objects rather than people. Finally, plaintiff is limited to only occasional interaction with supervisors and no interaction with co-workers and the general public (collectively, the "RFC Finding").

Based on testimony by a vocational expert, the ALJ concluded

that plaintiff's vocational factors and residual functional capacity permit her to perform work that exists in significant numbers in the national economy, such as a scrap sorter, industrial trash collector and equipment washer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920(a)(4). If the

claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

Here, plaintiff challenges the ALJ's decision that she has the residual functional capacity to perform work that exists in the national economy on the following grounds: (1) substantial evidence does not support the ALJ's RFC Finding; and, (2) the ALJ failed to adequately explain why he found plaintiff's testimony, and the written statements of her husband and children, not entirely credible. After reviewing the ALJ's decision and the record, the court finds that this case must be remanded for consideration of the written statements made by plaintiff's family members and how, if at all, those statements might affect the ALJ's assessment of her credibility and residual functional capacity.

Plaintiff submitted written statements by her husband, Robert Settlemyer, and her daughter and son, in advance of the administrative hearing for consideration by the ALJ. Plaintiff's husband and children stated, *inter alia*, that she becomes annoyed easily and she cries frequently, and that it is difficult for her to go out in public, thus she primarily stays at home. (R. 168-70).

Although the ALJ stated in his decision that the statements of plaintiff's husband, daughter and son concerning her impairments and their impact on her ability to work are not

AO 72
(Rev. 8/82)

entirely credible,[1] (R. 26), the ALJ failed to provide any explanation for that adverse credibility finding. Likewise, the statements by plaintiff's relatives were not taken into account in the ALJ's analysis of plaintiff's credibility nor in his assessment of her residual functional capacity.

It is axiomatic in social security cases that, although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reasons for discounting that evidence. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). Where an ALJ fails to consider and explain his reasons for discounting all of the relevant evidence before him, both medical and non-medical, he has not met his responsibilities under the Act and the case must be remanded. Burnett v. Apfel, 220 F.3d 112, 122 (3d Cir. 2000).

Here, the ALJ provided no explanation whatsoever for rejecting or discounting the written statements of plaintiff's husband, daughter and son. Thus, it is not possible for this court to conduct meaningful judicial review of the ALJ's decision when he failed to offer any reasons for rejecting this evidence.

Although the Commissioner suggests in his brief that the statements of plaintiff's relatives were out of proportion with the level of severity supported by the objective evidence, this

---

[1] The ALJ's entire analysis of the written statements provided by plaintiff's family members consisted of one sentence: "The statements of the claimant's husband, daughter, and son concerning the claimant's impairments and their impact on her ability to work are not entirely credible." (R. 26).

court can only analyze the ALJ's decision itself and determine if it is supported by substantial evidence. An ALJ's decision cannot be upheld based on an after-the-fact justification raised by the Commissioner on judicial review.

Moreover, the written statements of plaintiff's husband, daughter and son cannot be deemed irrelevant. The Regulations explicitly provide that the Commissioner is to consider "<u>all</u> evidence in your case record" in making a disability determination. <u>See</u> 20 C.F.R. §416.920(a)(3). Indeed, numerous Regulations underscore the relevance of non-medical source testimony, and in particular, the testimony of a claimant's spouse and other relatives, as it relates to a claimant's impairments and ability to work, <u>see</u> 20 C.F.R. §416.913(d)(4), a claimant's credibility, <u>see</u> 20 C.F.R. §§416.929(a) and (c)(3), and a claimant's residual functional capacity, <u>see</u> 20 C.F.R. §416.945(a)(3). <u>See also</u> SSR 96-7p (explaining that other sources, including non-medical sources such as family and friends, may provide information from which inferences and conclusions can be drawn about the claimant's credibility).

In addition to the Regulations, the Third Circuit Court of Appeals has emphasized the importance of non-medical testimony from other sources and has ruled that a case must be remanded to the Commissioner where the ALJ failed to address, or failed to explain the rejection of, non-medical testimony. <u>See</u> <u>Burnett</u>, 220 F.3d at 122 (on remand, ALJ instructed to consider the testimony of claimant's husband and neighbor); <u>Van Horn v. Schweiker</u>, 717

F.2d 871, 873 (3d Cir. 1983) (ALJ must address testimony of non-medical witnesses). As in <u>Burnett</u> and <u>Van Horn</u>, remand is required in this case so that the ALJ can adequately consider the written statements of plaintiff's family members and explain why he accepts, rejects or discounts those statements.

Accordingly, on remand, the ALJ must specifically consider the written statements of plaintiff's husband, daughter and son as those statements relate to plaintiff's impairments, limitations, credibility and residual functional capacity. Of course, the ALJ is not required to accept the written statements of plaintiff's family members, so long as he properly evaluates that evidence as he would other relevant evidence and explains the reasons for his decision to accept, reject or discount those statements.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: David M. Axinn, Esq.
P.O. Box 597
Hollidaysburg, PA 16648

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901